AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
APR 18 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| United States of America | ) |
|---|---|
| v. | ) |
| David Leo REAMS | ) Case No. 4-11-70435 |
| | ) |
| | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 30, 2010__ in the county of __Contra Costa__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine. |

This criminal complaint is based on these facts:
See attached AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

☑ Continued on the attached sheet.

APPROVED AS TO FORM:
AUSA JAMES C. MANN

_____
Complainant's signature

FBI Special Agent Patrick Joseph Ernst
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/18/11

_____
Judge's signature

City and state: San Francisco, California

Laurel Beeler, U.S. Magistrate Judge
*Printed name and title*

Document No.
District Court
Criminal Case Processing

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Patrick Joseph Ernst, Special Agent of the Federal Bureau of Investigation, being duly sworn, hereby declare as follows:

## I. INTRODUCTION

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) assigned to the San Francisco Division and have been so employed since August 15, 2010. As a federal agent, I am authorized to investigate violations of the laws of the United States and I am a law enforcement officer with authority to execute warrants issued under the authority of the United States. My FBI Special Agent training consisted of a twenty-one week new agent training class during which I received instruction on various aspects of federal crime. Prior to becoming an FBI Special Agent, I was a Special Agent for the Internal Revenue Service–Criminal Investigation (IRS–CI) for approximately five years. As a Special Agent for IRS–CI, I trained at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia for twenty-four weeks. Training at FLETC consisted of instruction on legal principles and a variety of federal criminal violations, including money laundering, tax evasion, and other tax-related crimes. I have conducted criminal investigations involving investment fraud, money laundering, tax evasion and other financial crimes, as well as violations of the Bank Secrecy Act. I have also participated in the planning and execution of numerous federal search, seizure, and arrest warrants involving the above violations.

2. During the course of this investigation, I have consulted with Special Agent Gregory M. Eckhart. SA Eckhart has been an FBI Special Agent since August 2003. He is currently assigned to the San Francisco Field Division of the FBI, and investigates cases involving gangs, drug trafficking, and violent fugitives. He has received training at the FBI Academy in Quantico, Virginia, including training on violent street gangs, criminal case management, informant development, Title III investigations and the identification, use, packaging and sales of controlled substances. SA Eckhart also attended numerous training schools and seminars related to gangs, violent crime, and narcotics investigations, including many that provided instruction on drug-trafficking methods, money laundering methods, and

techniques for investigating those crimes. SA Eckhart has participated in the execution of numerous state and federal search warrants and arrests involving alleged narcotics trafficking, and he has participated in numerous investigations of narcotics traffickers and violent street gangs. These investigations have involved the use of confidential informants, wire and physical surveillance, telephone toll analysis, investigative interviews and the service of search and arrest warrants.

3. SA Eckhart has interviewed numerous drug dealers, drug users, and knowledgeable confidential informants about the lifestyles, appearances, and habits of drug dealers and users. He is familiar with the manner in which narcotics traffickers smuggle, package, transport, store and distribute narcotics, as well as how they collect and launder drug proceeds. He has had discussions with other law enforcement personnel about the packaging and preparation of narcotics, the distribution methods of illegal narcotics traffickers, and the security measures that narcotics traffickers often employ. SA Eckhart has also examined documentation of various methods by which methamphetamine, cocaine, marijuana, and other illicit drugs are smuggled, transported and distributed. He has participated in surveillance of narcotics traffickers. During surveillance, SA Eckhart has observed narcotics transactions, counter-surveillance techniques, and the ways in which narcotics traffickers conduct clandestine meetings. He has also participated in investigations that involved the interception of wire communications, and he has been directly involved in the review and deciphering of intercepted coded-conversations between narcotics traffickers that were later corroborated by surveillance or by defendants' statements.

4. SA Eckhart is one of the case agents participating in the investigation of Joseph Solice ABBATE, aka Sherman Joseph Fisher, aka "Butch," aka "Mac Dre," aka "Andre Hicks" (ABBATE); Ramon RUBIO, aka "Primo" (RUBIO); and others, for narcotics trafficking and firearms-related offenses.

## II. PURPOSE OF THIS AFFIDAVIT

5. This affidavit is being submitted in support of a criminal complaint and arrest warrant charging David Leo REAMS with possession with the intent to distribute

2

1 | methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1).

2 |   6. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that, on or about September 30, 2010, David Leo REAMS knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The statements contained in this affidavit are based on information provided to me by law enforcement officers as well as my training, experience, and knowledge of this investigation.

  7. In this affidavit I describe wire and electronic communications that have been intercepted pursuant to the interception orders in this investigation. In doing so, I have summarized portions of some, but not all, of the intercepted conversations. My summaries of these conversations are based on my personal review of recordings of the intercepted conversations, my training, experience, and knowledge of this investigation, notes of monitoring personnel and/or reviewers which were taken while the recorded conversations were occurring or at the time the conversations were reviewed, and/or other law enforcement personnel as to the meaning of vague or coded language and certain words and phrases. My summaries of the conversations are overviews and are not intended as verbatim transcripts. Even so, I have included in quotation marks my best attempt to provide a draft transcript of some of the speakers' words during the conversations. In some instances, I have only set forth the pertinent parts of sentences and I have used ellipses in some sentences instead of words or phrases that are unnecessary, profane, or repetitive. Subsequent review of the recorded conversations and the preparation of verbatim transcripts may show changes from the summaries provided herein. In addition, I know, based on my training, experience, and knowledge of this investigation (as well as the training, experience, and knowledge of other Agents with whom I have spoken) that criminal street gang members/associates and narcotics traffickers frequently use slang or coded or intentionally vague language when discussing illegal activity, particularly narcotics trafficking

or firearms use and/or possession. When a word or phrase used by a speaker constitutes slang or coded or intentionally vague language (or whose meaning would not be obvious to a layperson) I have provided my interpretation of those words and/or phrases in parentheses. My interpretations are based on my knowledge of and participation in this investigation and my discussions with SA Eckhart and with other experienced law enforcement personnel. My interpretations, however, may change as additional information is learned through the course of the investigation. The actual names of callers have been used where agents believe they have tentatively determined the identities of the callers, or where their voices are recognized by the monitoring personnel or reviewers. Finally, once I have identified the telephone number used by a given person in an intercepted conversation, I will not repeat that telephone number in my descriptions of subsequent intercepted conversations unless that person uses a telephone number different than the number he or she previously used. All times are approximate and all locations are in California unless otherwise noted.

### III. PROBABLE CAUSE

8. The wiretap portion of the investigation into the drug-trafficking activities of Joseph Solice ABBATE has been ongoing since September 2010. Over the course of the investigation, Agents have identified ABBATE and David Leo REAMS by comparing relevant surveillance observations with their respective DMV photographs. ABBATE and REAMS were identified as the users of the below telephones through the interception of telephone calls made by each of them, and the surveillance conducted of the activities discussed during the intercepted telephone calls (i.e., ABBATE and/or REAMS were seen in the locations or participating in the activities referenced in the preceding telephone calls). Additionally, REAMS' telephone is subscribed in his name.

9. On September 30, 2010, at 6:53 p.m., a call was intercepted between David Leo REAMS using (510) 932-6560 (subscribed to David Reams, P.O. Box 54988, Irvine, California 92619[1]) and Joseph Solice ABBATE using (510) 253-5135 (Session 2162). During the

---

[1] The subscriber address is the default address for Boost Mobile.

conversation, REAMS asked: "You gonna be able to do a halfer?" ABBATE responded: "Yep, sure will." At 8:55 p.m., a call was intercepted between REAMS and ABBATE (Session 2193). During the conversation, REAMS asked: "You still got some of that left, the good shit . . . ?" ABBATE responded: "Oh yeah, oh yeah, yep." REAMS then asked: "Can you do that for four-fifty ($450) or do you need five ($500)?" ABBATE responded: "Uh, yeah, I'll do it for four-fifty." ABBATE further offered that they should meet at "the little liquor store across the street from Central Foods," and the two agreed to meet. At 9:13 p.m., a call was intercepted between REAMS and ABBATE (Session 2197). During the conversation, REAMS informed ABBATE that he had arrived, and ABBATE stated: "I'm on my way, I'm about to be on the freeway right now." At 9:21 p.m., a call was intercepted between REAMS and ABBATE (Session 2200). During the conversation, REAMS confirmed that he was "at the food and liquor store on Appian Way, that liquor store . . . by the old Davis' laundry." REAMS further stated: "I'm in a truck. I am parked though." ABBATE stated: "That should be cool right there, I'm, I'm coming right now. I'll be right there."

      10.    At 9:15 p.m., on the same date, Agents observed a green Chevy pick-up bearing California License Plate 6KYF702 (registered to David Reams at 3421 Ohio Avenue, Richmond, California) (the Chevy) parked in the parking lot at 4247 Appian Way, El Sobrante. At 9:18 p.m., REAMS got out of the Chevy and stood nearby, but outside the view of the Agents. At 9:25 p.m., a Chevrolet Trailblazer bearing California License Plate 6LOS058 (registered to Edward Espiritu at 277 Violet Road, Hercules, California) (the Blazer) entered the parking lot. (Based upon surveillance observations, ABBATE was known to drive the Blazer during this period of the investigation.) The rear passenger door to the Blazer opened and closed. Within approximately one minute, the rear passenger door of the Blazer opened and REAMS walked in front of the Chevy, and then got into the driver's seat of the Chevy. Both the Blazer and the Chevy departed.

      11.    Based upon other calls intercepted over the course of this investigation, I believe that ABBATE sells an ounce of methamphetamine for approximately $900. Additionally, based upon my training and experience, and conversations I have had with other law enforcement

officers and agents involved in the investigation of drug-traffickers, I believe that "half" is a common term for a half-ounce of narcotics. Thus, I believe that these intercepted communications and surveillance observations evidence REAMS' purchase of a half-ounce of methamphetamine for $450.

  12. The following day (October 1, 2010), at 10:55 a.m., a call was intercepted between REAMS and ABBATE (Session 2244). During the conversation, REAMS asked: "Is there any chance that could have been two and a half grams short?" ABBATE responded: "Nah." REAMS then stated: "Cause the person that I . . . dropped it off last night, you know, . . . and they didn't call me till today and till just now . . . and they tested it, and said, yeah, that was two and a half grams short." ABBATE asked: "So what they sayin' it weighed?" REAMS responded: "Ah, ah, two and a half grams short of fourteen, I guess, so I mean, what'd that be?" ABBATE stated: "So that'd be like thirteen something, huh?" REAMS then stated: "No, it'd be eleven and a half I think." ABBATE stated: "Man, nah, it, it shouldn't have been off." REAMS stated: "I'll tell them that, okay, no problem." I believe that this intercepted communication evidences REAMS' further sale of the methamphetamine that he purchased from ABBATE.

## IV. CONCLUSION

  13. For the reasons stated above, I believe there is probable cause to believe that, on or about September 30, 2010, David Leo REAMS knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, namely, a mixture and substance

////
////
////
////
////
////
////
////
////

containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). I respectfully request that the Court issue the requested criminal complaint and arrest warrant.

_____
Patrick Joseph Ernst
Special Agent, Federal Bureau of Investigation

Sworn to before me this
18th day of April 2011.

_____
HONORABLE LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE

SEALED BY ORDER OF THE COURT

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
APR 18 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT - U.S**
▶ David Leo REAMS

DISTRICT COURT NUMBER
4-11-70435 MAG

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form     MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    JAMES C. MANN, AUSA

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes } If "Yes" give date filed
been filed?     ☐ No

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                Before Judge:

Comments:

## ATTACHMENT TO PENALTY SHEET

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine).

*Depending upon the weight and/or purity of the methamphetamine and whether an 851 Information alleging prior felony narcotics conviction is filed*:

| | | |
|---|---|---|
| (1) | Imprisonment: | Possible Maximum Life Imprisonment |
| | | Possible Mandatory Minimum 5, 10, or 20 Years Imprisonment |
| (2) | Fine: | Possible Maximum $8,000,000 |
| (3) | Supervised Release: | Possible Maximum Lifetime |
| | | Possible Mandatory Minimum 4, 5, 8, or 10-Years |
| (4) | Special Assessment: | $100.00 |